OPINION
{¶ 1} Appellants, father Edward Frenz, mother JoAnn Wallace, and legal custodians Thomas and Mary Ann Heid, appeal the March 3, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which granted permanent custody of the minor child, Amber Frenz, to appellee Tuscarawas County Job Family Services ("TCJFS"), following a delinquency adjudication which had placed Amber in the temporary custody of TCJFS.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Sometime in 1993, the Coshocton County Court of Common Pleas, General Division, granted father and mother a divorce. After the filing of the divorce action, but prior to the disposition of said action, the General Division of the Coschocton County Court of Common Pleas certified the matter relative to the disposition of the custody of Amber to the Coshocton County Court of Common Pleas, Juvenile Division ("juvenile division). The juvenile court accepted jurisdiction and, following the filing of a complaint by the Coshocton County Children Services Board, placed Amber in the legal custody of Paul and Cindy Beitler, her paternal uncle and his wife. The juvenile court expressly retained jurisdiction of the custody action.
 {¶ 3} In 1994, the Beitlers and Amber left the State of Ohio. Amber resided in various states with the Beitlers until they returned to Ohio in 2001. During the summer of 2001, Cindy Beitler contacted Mary Ann Heid, Paul Beitler's exwife, and asked if Mary Ann and Tom would care for Amber. The Heids assumed responsibility for the care of Amber in May, 2001. The Heids subsequently filed a motion for change of custody in the juvenile court. Via Judgment Entry filed October 10, 2001, the juvenile court granted temporary custody of Amber to the Heids "until further order of this Court." The juvenile court further ordered TCJFS to conduct a home investigation and an evaluation of the Heids as they were residents of Tuscarawas County.
 {¶ 4} In May, 2002, a Delinquency Complaint was filed in the Tuscarawas County Court of Common Pleas, Juvenile Division, charging Amber with two counts of disorderly conduct. The trial court adjudicated Amber a delinquent child and placed her in the temporary custody of TCJFS. On September 23, 2002, TCJFS filed a Motion to Modify Prior Disposition, seeking permanent custody of Amber. The trial court conducted a hearing on the motion on December 5, 2002, and January 3, 2003. Via Judgment Entry filed March 3, 2003, the trial court granted permanent custody of Amber to TCJFS.
 {¶ 5} It is from this judgment entry, appellants appeal. Father and the Heids filed a joint appeal, raising the following assignments of error:
 {¶ 6} "I. THE TUSCARAWAS COUNTY JUVENILE COURT DID NOT HAVE JURISDICTION TO RULE ON THE MOTION OF THE TUSCARAWAS COUNTY JOB 
FAMILY SERVICES FOR PERMANENT CUSTODY.
 {¶ 7} "II. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR PERMANENT CUSTODY WITHOUT CONSIDERING THE WISHES OF THE 12 YEARS OLD PLUS MINOR.
 {¶ 8} "III. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE LAW."
 {¶ 9} Mother filed a separate appeal, assigning as error:
 {¶ 10} "I. A THOROUGH REVIEW OF THE RECORD IN THIS CASE REVEALS THE EVIDENCE DOES NOT JUSTIFY A GRANTING OF PERMANENT CUSTODY OF AMBER FRENZ TO THE TUSCARAWAS COUNTY JOBS AND FAMILY SERVICES FKA TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES.
 {¶ 11} "II. THE GUARDIAN AD LITEM FAILED TO MAKE AN INDEPENDENT INVESTIGATION AND HER REPORT THEREFORE WAS PREJUDICIAL TO APPELLANT.
 {¶ 12} "III. THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE BEST INTEREST FACTORS AS SET FORTH IN THE OHIO REVISED CODE THE JUDGMENT OF THE TRIAL COURT IN GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 {¶ 13} "IV. THE TRIAL COURT ERRED BY CONCLUDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILD OF THE APPELLANT TO BE PLACED IN THE CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES AND FAILED TO CONSIDER THE FACTORS SET FORTH IN REVISED CODE 2151.41(B) AND (D).
 {¶ 14} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS DECISION IN GRANTING A PERMANENT CUSTODY MOTION WITHOUT CONSIDERING WISHES OF THE CHILD.
 {¶ 15} "VI. THE TRIAL COURT IN GRANTING APPELLEE'S MOTION FOR PERMANENT CUSTODY AND ABUSED ITS DISCRETION IN SUSTAINING THE MOTION FOR PERMANENT CUSTODY OF THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES IN THAT THE PROCEDURES OF OHIO REVISED CODE 2151.414(D) WERE NOT FOLLOWED.
 {¶ 16} "VII. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILD WHERE THERE WAS SUITABLE RELATIVE WILLING AND CAPABLE OF ASSUMING CUSTODY OF APPELLANT'S CHILD."
 {¶ 17} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 18} "(E) Determination and judgment on appeal.
 {¶ 19} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 20} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 21} This appeal shall be considered in accordance with the aforementioned rule.
 FATHER THE HEIDS I {¶ 22} In their first assignment of error, father and the Heids contend the Tuscarawas County Juvenile Court did not have jurisdiction to rule on TCJFS's motion for permanent custody. We agree.
 {¶ 23} Pursuant to R.C. 2151.23(A)(2), the juvenile court has "exclusive original jurisdiction * * * to determine the custody of any child not a ward of another court of the state." Accordingly, we must determine whether Amber was the ward of another court of the state." Juv. R. 2(QQ) defines "Ward of court" as "a child over whom the court assumes continuing jurisdiction."
 {¶ 24} We find when the Coshocton County Juvenile Court granted legal custody of Amber to the Beitlers, and specifically retained jurisdiction, Amber became a "ward of the court." We conclude, pursuant to R.C. 2151.23(A)(2), the Tuscarawas County Juvenile Court did not have jurisdiction to grant permanent custody of Amber to TCJFS.
 {¶ 25} Father and the Heid's first assignment of error is sustained.
 FATHER THE HEIDS II, III MOTHER I, II, III, IV, V, VI, VII {¶ 26} In light of our disposition of father and the Heid's first assignment of error, we find appellants' remaining assignments of error to be moot.
 {¶ 27} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is reversed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur